Curia per
Nott, J.
If we look to the object of the Le ■gislature for the construction of this act, I think there cannot be two opinions on the question. The object manifestly was, that every family should be permitted to retain against a creditor'those articles of the first necessity without which they could not subsist, and deprived of which, they would not have the means of obtaining a livelihood. It is, therefore, made to operate prospectively, that every creditor may be considered as contracting with reference to its provisions; and all the reasons which could have lead to an exemption from levy and sale, under execution, would equally require an exemption from •a distress for rent. It only remains to inquire, then, whether the words of the act will authorize that construction. The words of the act are, “ that from and after the first day of March next, the following articles shall in all cases of debt contracted after that period, be exempt from levy or sale for the same.” I do not know that the word levy is peculiarly applicable to an execution. In Jacobs’ Law Dictionary, title “Levari facias,” itis said, the levy (levari) is used in law for, “to collect or exact;” and it appeal’s from the same author, that it is expressly used in reference to service for rent. Levari fosnum, he says, signifies to make hay, and una locatio fosni was one day hay making; a service paid to Lords by their inferior tenants; and in common parlance, levying a warrant of distress is as familiarly used as the levying of an execution ; but a further view of the act seems not only to authorize, but to require this construction. They are exempted from levy or sale. The word “sale” appears to have been introduced, as if the Legislature, apprehen- *380 sivc that tlic word levy .might admit of too narrow a construction, intended to extend the exemption to every kind of sale for debt. I think, therefore, that, both from the letter and spirit of the act, it applies as well to distress for rent, as to the levy of executions, and that we should fall short of fulfilling the benevolent intentions of the Legislature, or of giving full effect to the law by any other construction. The motion, therefore, must be granted.

Motion granted.